|   |   |
|---|---|
| 1 | LITIGATION LAW GROUP |
|   | Gordon M. Fauth, Jr. (SBN: 190280) |
| 2 | gmf@classlitigation.com |
|   | 1801 Clement Avenue, Suite 101 |
| 3 | Alameda, CA 94501 |
|   | Tel: (510) 238-9610 |
| 4 | Fax: (510) 337-1431 |
| 5 | Attorney for Plaintiff JAMES R. PITTMAN |
|   | [Additional counsel appear on signature pages] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re Apple iPhone 3G Products Liability Litigation | CASE NO. M 09-02045 JW |
| _____ | **CLASS ACTION** |
| THIS MATTER RELATES TO THE FOLLOWING CASES: | **CLASS PLAINTIFFS' JOINT NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL STRUCTURE** |
| Case No. C 08-05375 JW | |
| Case No. C 08-05810 JW | |
| Case No. C 09-00121 JW | Hearing Date:  November 2, 2009 |
| Case No. C 09-00122 JW | Time:          9:00 a.m. |
| Case No. C 09-00187 JW | Courtroom:     Hon. James Ware |
| Case No. C 09-00275 JW | |
| Case No. C 09-00330 JW | |
| Case No. C 09-01028 JW | |
| Case No. C 09-03277 JW | |
| Case No. C 09-03278 JW | |
| Case No. C 09-03321 JW | |
| Case No. C 09-03353 JW | |
| Case No. C 09-03577 JW | |
| _____ | |

1

Case5:09-md-02045-JW   Document6   Filed09/03/09   Page2 of 14

## NOTICE OF MOTION AND MOTION TO CONSOLIDATE

TO:   ALL PARTIES TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on November 2, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Ware, Judge of the United States District Court for the Northern District of California, San Jose Division, located at 280 S. First Street, San Jose, CA 95113, Plaintiffs in the above-related actions will and hereby do jointly move pursuant to Federal Rule of Civil Procedure 23(g) for appointment of an Interim Class Counsel structure as detailed in the accompanying Memorandum of Points and Authorities.

This Motion is based on the Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Alan M. Mansfield in support thereof; all pleadings and papers filed herein and in each case; such additional evidence and oral argument the Court may consider, and any other matters properly before the Court.

## ISSUE TO BE DECIDED

Should the Court approve the Interim Class Counsel structure proposed by Plaintiffs in these related actions as consistent with Federal Rule of Civil Procedure 23(g)'s requirements?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A)(3), Plaintiffs in the thirteen related actions pending before the Court (collectively "Plaintiffs") submit this Memorandum in support of their joint motion to appoint as Interim Class Counsel: (1) Whatley Drake & Kallas, LLC ("Whatley Drake") as Lead Class Counsel, and (2) an Executive Committee consisting of a representative from each of the pending related cases (collectively, "Proposed Class Counsel") to facilitate the efficient and orderly prosecution of the case on behalf of Plaintiffs and the proposed class.[1]

---

[1]   The Plaintiffs in the following related actions currently pending before this Court support this Motion: (1) *Jessica Alena Smith v. Apple Inc.*, Case No. C 09-01028 JW, filed on August 19, 2008 in the Northern District of Alabama and transferred to this Court on February 23, 2009; (2) *Eulardi Tanseco v. Apple Inc.,* Case No. C 09-00275 JW, filed on August 29, 2008 in the District of New Jersey and transferred to this Court on January 22, 2009; (3) *William Gillis v. Apple Inc.,* Case No. C 09-00122 JW, filed on August 29, 2008 in California state court and

The Federal Rules of Civil Procedure envision the Court reviewing and approving a qualified leadership structure at the litigation's early stages to ensure the proceedings advance in an orderly, expeditious, and cost-effective manner. The Advisory Committee's Notes to Rule 23(g) stress "the selection and activity of class counsel are often critically important to the successful handling of the class action." Fed. R. Civ. Proc. 23(g) (Notes of the Advisory Committee). This Joint Motion, brought by and on behalf of the class plaintiffs in all related actions before the Court, satisfies Rule 23(g) as it seeks adoption of a Class Counsel structure involving numerous well-qualified law firms experienced in managing complex class actions.

The Court should approve this proposed structure for the following reasons. First, Proposed Class Counsel have collectively demonstrated their willingness and ability to commit to this litigation. Counsel in these actions have voluntarily agreed to coordinate their efforts, and have already undertaken a significant amount of work in identifying and investigating potential claims and the claims in issue. Proposed Class Counsel have communicated with counsel for defendant Apple Inc. and AT&T Mobility LLC to establish the orderly and efficient prosecution of this litigation.[2]

---

subsequently removed to the Southern District of California and transferred to this Court on January 15, 2009; (4) *Aaron Walters v. Apple Inc.,* Case No. C 09-00187 JW, filed on September 12, 2008 in the Eastern District of Arkansas and re-filed in this Court on January 15, 2009; (5) *Peter Keller v. Apple Inc.,* Case No. C 09-00121 JW, filed November 19, 2008 in the Southern District of California and transferred to this Court on January 9, 2009; (6) *James R. Pittman v. Apple Inc.*, Case No. C 08-053785 JW, filed on November 26, 2008; (7) *Haig Ashikian v. Apple Inc.*, Case No. C 08-05810 JW, filed on December 31, 2008; (8) *Jacob Medway v. Apple Inc.*, Case No. C09-00330 JW, filed January 26, 2009; (9) *Timothy Ritchie v. Apple Inc.*, Case No. C09-3277 JW, filed on January 30, 2009 in the District of New Jersey and transferred to this Court on July 14, 2009; (10) *Onel Gonzalez v. Apple Inc.*, Case No. C09-3278 JW filed on January 30, 2009 in the Southern District of Florida and transferred to this Court on July 13, 2009; (11) *Avi Koschitzki v. Apple Inc.*, Case No. C09-03321 JW originally filed in the Nassau County Supreme Court for the State of New York on September 29, 2008, removed to the Eastern District of New York, and transferred to this Court on July 13, 2009; (12) *Alyce Payne, et al. v. Apple Inc.*, Case No. C09-03353 JW filed on January 26, 2009 in the Eastern District of Texas and transferred to this Court on July 21, 2009; and (13) *Damone Dickerson v. Apple Inc.*, Case No. C09-03577 JW filed on March 16, 2009 in the District of New Jersey and transferred to this Court on August 12, 2009.

[2] Counsel has met and conferred with Apple's and AT&T Mobility's counsel concerning this motion. Although both agree a plaintiff counsel structure should be approved early on so they may interact with a Court-approved unified group structure, Apple and AT&T Mobility take no position on this Motion. Declaration of Alan M. Mansfield ("Mansfield Decl."), ¶ 13.

Second, Proposed Class Counsel have shown their leadership skills and have demonstrated their desire and ability to work efficiently, effectively and cooperatively with each other. As a result of their litigation efforts, counsel for all the class action plaintiffs in this litigation have reached a consensus: (1) Whatley Drake should serve as Lead Class Counsel, and (2) the firms of Schoengold & Sporn, P.C., Emerson Poynter, LLP, Finkelstein Thompson, LLP, the Consumer Law Group, Glancy Binkow & Goldberg, LLP, Hiden Rott & Oertle LLP, The Litigation Law Group, Heninger Garrison Davis, LLC, Coughlin Stoia Robbins Geller & Rudman LLP, Faruqi & Faruqi LLP and Carella Byrne Bain Gilfillan Cecchi Stewart & Olstein LLP should serve on an Executive Committee so that each of the thirteen related actions before this Court pursuant to the MDL Panel's July 1, 2009 ruling is represented. As discussed in detail below and in the accompanying Mansfield Declaration, these firms have an established track record in consumer litigation. Where, as here, the parties agree among themselves to a leadership structure that best supports the class, absent some extraordinary finding of infirmity, the Court should approve the proposed leadership structure. *U.S. Trust Co. of N.Y. v. Alpert*, 163 F.R.D. 409, 423 (S.D.N.Y. 1995).

Third, appointment of Proposed Class Counsel will ensure the continued, efficient and orderly prosecution of these related actions and secure the best possible representation for the putative class. As this Motion is supported by representatives from all of the related actions, Plaintiffs respectfully request the Court grant this Joint Motion.

## I. ARGUMENT

The main criteria for appointment of lead counsel are: (1) willingness and ability commit to the process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. *See* Fed. R. Civ. Proc. 23(g)(1)(A). As set forth below, Whatley Drake and the Executive Committee members satisfy all four criteria. Proposed Class Counsel already have collectively demonstrated their willingness and ability to commit to this litigation and have demonstrated they are able to do so.

///

A.  **Proposed Class Counsel Have Demonstrated Their Willingness and Ability to Commit to this Litigation**

Proposed Class Counsel have already taken significant steps to advance this litigation by agreeing to prosecute these cases in a central forum through the MDL process and have demonstrated their willingness and ability to commit to this litigation. The investment of significant time and effort make counsel the most appropriate candidates to fill the role of Class Counsel. *See, e.g.*, *Browning v. Yahoo! Inc.*, No. C04-01463, 2006 WL 3826714, at *4 (N.D. Cal. Dec. 27, 2006) (appointing class counsel, based in part on substantial work done "identifying or investigating potential claims"); s*ee also* Fed. R. Civ. P. 23(g)(1)(A)(i).

These related actions were filed in District Courts around the country, including Alabama, New Jersey, Arkansas, New York, Florida and Texas. Because Apple's operations are located in this District and Division, counsel voluntarily agreed these actions would be most efficiently prosecuted if they were all transferred to a single court and subject to consolidated pre-trial proceedings, either directly or by supporting the MDL Petition filed by Apple. Counsel further agreed to being coordinated under a structure of a lead counsel working in active consultation with an Executive Committee, with a representative from each of the related cases currently before the Court. Acting within the structure, these firms have and continue to conduct research and investigation regarding such claims so that when a consolidation order is entered they will be able to promptly prepare and file a Consolidated Master Complaint. Such effort demonstrates not only the ability of Proposed Class Counsel to commit to the successful litigation of these claims, but also that Proposed Class Counsel are qualified to adequately serve the interests of the putative class pursuant to Federal Rule of Civil Procedure 23(g).

B.  **Proposed Class Counsel Affirm their Commitment to Work Cooperatively with Each Other**

Whatley Drake is committed to fostering a cooperative, unified working relationship with all plaintiffs' counsel on the Executive Committee. The cooperative spirit Proposed Class Counsel promises to bring to this litigation is evidenced by the agreement of all counsel to the proposed leadership structure. Whatley Drake has and will coordinate and consult with the

members of the Executive Committee on preparing the Consolidated Master Complaint, investigating claims, conducting legal research, propounding discovery, and retaining experts, and is already doing so. The leadership capabilities of Proposed Class Counsel have been borne out in this litigation, as Proposed Class Counsel have successfully organized the nationwide and statewide class actions currently pending in this District from around the country. Therefore, Proposed Class Counsel have already demonstrated their ability to coordinate, compromise and work together, all of which are essential functions in leading and managing complex litigation.

### C. Proposed Lead Class Counsel Possess the Professional Experience, Knowledge and Resources to Successfully Litigate the Actions

Proposed Class Counsel are able to adequately represent the interests of the proposed class pursuant to Federal Rule of Civil Procedure Rule 23(g). A class is fairly and adequately represented where counsel are qualified, experienced and generally able to conduct the litigation on its behalf. *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512, 515 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously).

The appointment of the Proposed Class Counsel structure set forth in the accompanying proposed order attempts to guarantee the best interests of plaintiffs and the putative class will be adequately represented. As set forth in the accompanying Mansfield Declaration and the attached exhibits, these firms are respected nationwide class action law firms who collectively have the necessary resources, experience and geographic coverage to vigorously prosecute this litigation against well-respected counsel. Mansfield Decl., ¶4-14. Proposed Class Counsel have represented plaintiff classes on a contingent basis, advanced costs and expenses, and litigated numerous class cases at the trial and appellate levels, securing many landmark rulings along the way. Proposed Class Counsel intend to work as a team to ensure all necessary resources are made available for the action's prosecution.

///

///

### 1. Whatley Drake Has the Experience, Knowledge, and Resources to Act as Lead Counsel

Whatley Drake is a 40-lawyer firm with offices in Birmingham, New York and Boston. The firm has vast experience in consumer class actions. Whatley Drake specializes in complex class action and derivative litigation, including consumer, securities, 401(k), healthcare, insurance, employment and mass tort litigation. *See* Whatley Drake resume, attached to the Mansfield Declaration as Ex. 1. Whatley Drake was recently appointed Co-Lead Counsel in *In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*, 07-ml-1897-DSF (C.D. Cal.), a class action brought on behalf of consumers of recalled toys, and *In re Countrywide Financial Corp. Mortgage Marketing and Sales Practices Litigation,* Case No. 08-md-1988 DMS (LSP) (S.D. Cal.), a class action brought on behalf of defrauded mortgage borrowers, both of which are brought under California law. *Id.*, ¶3.

The work of the firm and its partners has resulted in numerous high profile settlements providing billions of dollars for class members, as well as significant corporate reforms. Lead trial counsel, Joe R. Whatley, Jr., has significant experience in leading important consumer class actions. For example, he was one of the lead counsel in the natural polybutylene litigation, which produced one of the largest consumer class action settlements in history. In addition to having argued before the United States Supreme Court, Mr. Whatley also has argued before many Circuit Courts of Appeals, including the Ninth Circuit. *Id.*

### 2. The Proposed Members of the Executive Committee All Have the Experience, Knowledge, and Resources to Serve in those Roles

Proposed Class Counsel have all confirmed they are ready, willing and able to utilize the necessary resources and to use their experience and expertise to obtain the best result possible for the plaintiffs in this litigation. Mansfield Decl., ¶15. The positions of the following firms on the Executive Committee and as Liaison Counsel will strengthen Lead Counsel's ability to effectively and efficiently streamline and advance the litigation:

///

///

| | | |
|---|---|---|
| 1 | LITIGATION LAW GROUP<br>Gordon M. Fauth, Jr. | CONSUMER LAW GROUP<br>Alan M. Mansfield |
| 2 | | |
| 3 | For the *Pittman* Action | For the *Gillis* Action |
| 4 | EMERSON POYNTER LLP<br>John G. Emerson<br>Scott E. Poynter | GLANCY BINKOW & GOLDBERG LLP<br>Marc L. Godino |
| 5 | Christopher D. Jennings<br>Gina M. Dougherty | For the *Medway* Action |
| 6 | | |
| 7 | For the *Walters* Action | |
| 8 | SCHOENGOLD & SPORN<br>Jay P. Saltzman | HENINGER GARRISON DAVIS LLC<br>W. Lewis Garrison, Jr.<br>Brian D. Hancock |
| 9 | For the *Tanseco* Action | Gayle L. Douglas |
| 10 | | For the *Smith* Action |
| 11 | FINKELSTEIN THOMPSON LLP<br>Rosemary M. Rivas (Designated Local | HIDEN ROTT & OERTLE LLP<br>Michael Ian Rott |
| 12 |    Liaison Counsel)<br>Burton H. Finkelstein | David V. Hiden, Jr.<br>Eric M. Overholt |
| 13 | Mila Bartos | For the *Keller* action |
| 14 | For the *Ashikian* Action | |
| 15 | | |
| 16 | FARUQI & FARUQI LLP<br>Adam R. Gonnelli | COUGHLIN STOIA GELLER RUDMAN<br> & ROBBINS LLP |
| 17 | David Leventhal | Mark S. Reich |
| 18 | For the *Ritchie, Gonzalez,* and *Payne*<br>Actions | For the *Koschitzki* Action |
| 19 | CARELLA BYRNE BAIN GILFILLAN<br>CECCHI STEWART & OLSTEIN | |
| 20 | James E. Cecchi | |
| 21 | For the *Dickerson* Action | |

23    These firms all have the breadth of experience and skills necessary to make a significant

24 contribution to this litigation, as demonstrated by the firm resumes attached to the Mansfield

25 Declaration as Exhibits 1 through 12. The experience of each of the firms is described in more

26 detail in the exhibits and in the Mansfield Declaration. All have been actively involved in this

27 litigation in terms of continuing investigation, research and discovery, and will provide

28 / / /

8

JT. NOTICE & MOTION FOR APPOINTMENT OF INTERIM CLASS         CASE NO.: M 09-02045 JW
COUNSEL STRUCTURE

significant experience resources to the prosecution of this consolidated action. Mansfield Decl., ¶¶ 3-15.

### D. The Proposed Class Counsel Structure Has the Support of All Class Plaintiffs' Counsel

Finally, the Court should grant plaintiffs' joint motion because all class plaintiffs with cases pending in this District agree to the leadership structure proposed in this motion. Mansfield Decl., ¶ 16. Courts should approve a proposed leadership structure where the parties agree among themselves as to a leadership structure that best supports the class. *U.S. Trust Co. of N.Y. v. Alpert*, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) ("[T]he court should encourage and approve selection of lead counsel by agreement of interested counsel, imposing its own choice only in 'extraordinary situations.'"); *see also* 2 Herbert B. Newberg and Alba Conte, *Newberg on Class Actions* § 9.35 (3d ed. 1992) ("Lead counsel may be designated by consensus of interested counsel, and this selection may be accepted by the court when it makes an appointment. . . . The court should always encourage the parties themselves to agree on lead counsel, while imposing its own choice only in extraordinary circumstances.").

## II.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request the Court approve the Proposed Class Counsel structure as detailed in the accompanying Order.

I, Alan M. Mansfield, am the ECF user whose ID and password are being used to file this Joint Motion and accompanying papers. In compliance with General Order 45, section X.B., I hereby attest that I have on file the concurrences for any signatures indicated by a "conformed" signature (/S) within this e-filed document.

By:   S/Alan M. Mansfield
       Alan M. Mansfield

DATED: September 1, 2009

Respectfully Submitted,

Counsel for Plaintiff James R. Pittman:

LITIGATION LAW GROUP

By:   S/Gordon M. Fauth, Jr.
       Gordon M. Fauth, Jr.

gmf@classlitigation.com
1801 Clement Avenue, Suite 101
Alameda, CA 94501
Tel: (510) 238-9610
Fax: (510) 337-1431

Counsel for Plaintiff Haig P. Ashikian:

FINKELSTEIN THOMPSON LLP

By: S/Rosemary M. Rivas
 Rosemary M. Rivas
 rrivas@finkelsteinthompson.com
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: (415) 398-8700
Fax: (415) 398-8704

FINKELSTEIN THOMPSON LLP
Burton H. Finkelstein
bfinkelstein@finkelsteinthompson.com
Mila F. Bartos
mbartos@finkelsteinthompson.com
Karen J. Marcus
kmarcus@finkelthompson.com
1050 30th Street NW
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090

LAW OFFICE OF D. JOSHUA STAUB
D. Joshua Staub
P. O. Box 1914
Santa Monica, CA 90406-1914
Tel: (310) 576-7770
Fax: (310) 496-0702

Counsel for Plaintiffs Peter Keller and William Gillis:

THE CONSUMER LAW GROUP

By: S/Alan M. Mansfield
 Alan M. Mansfield
 alan@clgca.com
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

10

HIDEN ROTT & OERTLE LLP
Michael Ian Rott
mrott@hrollp.com
David V. Hiden, Jr.
dhiden@hrollp.com
Eric M. Overholt
eoverholt@hrollp.com
2635 Camino Del Rio South, Suite 306
San Diego, CA 92108
Tel: (619) 296-5884 / Fax: (619) 296-5171

DOYLE LOWTHER LLP
William J. Doyle II
bill@doylelowther.com
John Lowther
john@doylelowther.com
James Hail
jim@doylelowther.com
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Tel: (619) 573-1700
Fax: (619) 573-1701

Counsel for Plaintiff Aaron Walters:

WHATLEY DRAKE & KALLAS LLC

By:  S/Adam Plant
     Adam Plant
     aplant@wdklaw.com
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Tel: (205) 328-9576
Fax: (205) 328-0669

Joe R. Whatley, Jr.
jwhatley@wdklaw.com
Edith M. Kallas
ekallas@wdklaw.com
1540 Broadway, 37th Floor
New York, NY 10036
Tel: (212) 447-7070
Fax: (212) 447-7077

EMERSON POYNTER LLP
Scott E. Poynter
scott@emersonpoynter.com
Christopher D. Jennings
cjennings@emersonpoynter.com
Gina M. Dougherty
gdougherty@emersonpoynter.com
The Museum Center
500 President Clinton Ave., Suite 305
Little Rock, AR 72201
Tel: (501) 907-2555 / Fax: (501) 907-2556

EMERSON POYNTER LLP
John G. Emerson
jemerson@emersonpoynter.com
830 Apollo Lane
Houston, TX 77058
Tel: (281) 488-8854
Fax: (281) 488-8867

DOYLE LOWTHER LLP
William J. Doyle II
bill@doylelowther.com
John Lowther
john@doylelowther.com
James Hail
jim@doylelowther.com
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Tel: (619) 573-1700
Fax: (619) 573-1701

Counsel for Plaintiff Eulardi Tanseco:

SCHOENGOLD & SPORN, P.C.

By: __S/Jay P. Saltzman__
    Jay P. Saltzman
    jay@spornlaw.com
19 Fulton Street, Suite 406
New York, NY 10038
Tel: (212) 964-0046
Fax: (212) 267-8137

Counsel for Plaintiff Jacob Medway:

GLANCY BINKOW & GOLDBERG LLP

By: __S/Marc L. Godino__
    Marc L. Godino
    mgodino@glancylaw.com
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

| | |
|---|---|
| 1 | Counsel for Plaintiffs Jessica Alena Smith and Wilton Lee Triggs, II: |
| 2 | |
| 3 | HENINGER GARRISON DAVIS, LLC |
| 4 | By: <u>S/W. Lewis Garrison, Jr.</u><br>    W. Lewis Garrison, Jr.<br>    lewis@hgdlawfirm.com |
| 5 | Brian D. Hancock<br>bdhancock@hgdlawfirm.com |
| 6 | Gayle L. Douglas<br>gdouglas@hgdlawfirm.com |
| 7 | 2224 First Avenue North<br>Birmingham, AL 35203 |
| 8 | Tel: (205) 326-3336<br>Fax: (205) 326-3332 |
| 9 | |
| 10 | TRIMMIER LAW FIRM<br>Edward S. Reisinger |
| 11 | ereisinger@trimmier.com<br>Haydn M. Trechsel |
| 12 | haydnt@trimmier.com<br>Jonathan Lee Kudulis |
| 13 | jkudulis@trimmier.com<br>2737 Highland Avenue |
| 14 | Birmingham, AL 35201<br>Tel: (205) 251-3151 |
| 15 | Fax: (205) 322-6444 |
| 16 | Counsel for Plaintiffs Timothy Ritchie, Onel Gonzalez, Ron J. Brayteson, Alyce R. Payne, William French and DDA Karen Michaels: |
| 17 | |
| 18 | FARUQI & FARUQI, LLP |
| 19 | By: <u>S/Adam R. Gonnelli</u><br>    Adam R. Gonnelli<br>    agonnelli@faruqilaw.com |
| 20 | David H. Leventhal<br>dleventhal@faruqilaw.com |
| 21 | Jamie R. Mogil<br>jmogil@faruqilaw.com |
| 22 | 369 Lexington Avenue, 10th Floor<br>New York, NY 10017 |
| 23 | Tel: (212) 983-9330<br>Fax: (212) 983-9331 |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

13

| | |
|---|---|
| 1 | Counsel for Plaintiff Avi Koschitzki: |
| 2 | COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP |
| 3 | |
| 4 | By: <u>S/Marc Reich</u><br>    Marc Reich<br>    mreich@csgrr.com |
| 5 | 58 South Service Rd., Suite 200<br>Melville, NY 11747 |
| 6 | Tel: (631) 367-7100<br>Fax: (631) 367-1173 |
| 7 | |
| 8 | Counsel for Plaintiff Damone Dickerson: |
| 9 | CARELLA BYRNE BAIN GILFILLAN CECCHI STEWART & OLSTEIN |
| 10 | By: <u>S/James E. Cecchi</u><br>    James E. Cecchi |
| 11 | jcecchi@carellabyrne.com<br>Melissa E. Flax |
| 12 | mflax@carellabyrne.com<br>5 Becker Farm Road |
| 13 | Roseland, NJ 07068<br>Tel: (973) 994-1700 |
| 14 | Fax: (973) 994-1744 |
| 15 | SEEGER WEISS, LLP<br>Stephen A. Weiss |
| 16 | sweiss@seegerweiss.com<br>One William Street |
| 17 | New York, NY 10004<br>Tel: (212) 584-0700 |
| 18 | Fax: (212) 584- 0799 |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |