1  LIONEL Z. GLANCY (134180)
   MICHAEL GOLDBERG (188669)
2  MARC L. GODINO (182689)
   GLANCY BINKOW & GOLDBERG LLP
3  1801 Avenue of the Stars, Suite 311
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5  Email: info@glancylaw.com

6  *Attorneys for Consolidated Plaintiff Jacob Medway*

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | In re Apple iPhone 3G Products | Case No. M 09-0245 JW
      Liability Litigation |
12 | | Consolidated with:
   | THIS DOCUMENT RELATES TO | **Case No. 09-00330 JW**
13   THE FOLLOWING UNDERLYING
      CASE: | **CLASS ACTION**
14 | |
   | JACOB MEDWAY, Individually and | **AMENDED CLASS ACTION
15   on Behalf of All Other Persons | COMPLAINT FOR DAMAGES AND
      Similarly Situated, | EQUITABLE RELIEF**
16 | |
   |         Plaintiff, | **JURY TRIAL DEMANDED**
17 | |
   |            v. |
18 | |
   | APPLE, INC., a California Corporation; |
19   and AT&T Mobility LLC, a Delaware |
      limited liability company; |
20 | |
   |         Defendants. |
21

22      Plaintiff, by his attorneys, alleges upon personal knowledge as to his own acts,

23 and as to all other matters upon information and belief based upon, *inter alia*, the

24 investigation made by and through his attorneys.

25                        **INTRODUCTION**

26      1.      This is a class action brought by Jacob Medway ("Plaintiff") against

27 Apple, Inc. ("Apple") and AT&T Mobility LLC ("ATTM") on behalf of a class of all

28 consumers who purchased Apple's iPhone 3G manufactured and marketed by Apple

(the "Class") which were sold in combination with ATTM's monthly Service Plan for access to its 3G wireless network.

2.     As detailed herein, Plaintiff brings this action for damages, restitution and other injunctive relief for misrepresentations made by Apple and ATTM in the marketing, advertising and sale of the iPhone 3G.

## JURISDICTION AND VENUE

3.     This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.     There are more than 100 class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000.

5.     This Court has jurisdiction over each Defendant because each Defendant is either a corporation or an association organized under the laws of California, a foreign corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business in or has sufficient minimum contacts with California, or otherwise intentionally avails itself of the California markets through the promotion, marketing, advertising and/or sales of their products and services in California to render the exercise of jurisdiction by California courts permissible under traditional notions of fair play and substantial justice.

6.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (2005).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (a) Defendants maintained offices, has agents, transacts business, and is found within this judicial District; (b) Defendants' unlawful conduct occurred in this District; and (c) Defendants regularly and continuously conducted business in interstate commerce in or affecting this District.

## THE PARTIES

8.     Plaintiff purchased an Apple iPhone 3G for $299.00, and entered into a network service contract with ATTM which included a premium charge for 3G network access.  Plaintiff is, and at all material times was, a resident of Los Angeles County, California.  Plaintiff purchased his iPhone 3G from an AT&T retail store on September 1, 2008, in Los Angeles, California.

9.     Defendant Apple is, and was at all times relevant herein, a corporation doing business in the State of California, with its principal place of business located in Cupertino, California.  Apple transacts business in Los Angeles County, California and at all relevant times designed, manufactured, promoted, marketed, distributed, and/or sold the iPhone 3G that is the subject of this complaint.

10.     Defendant AT&T Mobility LLC is a Delaware corporation that is licensed to do, and is doing, business in California and throughout the United States.  ATTM's principal place of business is in Atlanta, Georgia.  ATTM transacts business in California and at all relevant times assisted in the design, promotion, marketing, provision and/or sale of the iPhone 3G.  At all relevant times, ATTM was—and still is—the exclusive provider of the telephone and data service plans for the iPhone 3G throughout the United States and in California.  ATTM owns, operates and/or maintains a 3G network in this District and State and has other significant contacts with Apple in this State, including entering into service and provisioning contracts with Apple that are to be performed in this State. The activities at issue emanated at least in part from this District and State.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this class action on behalf of himself and all others similarly situated as members of the proposed California-wide plaintiff Class.  The proposed Class, which Plaintiff seeks to represent, are all individuals in California who purchased an iPhone 3G along with ATTM's monthly Service Plan for access to

its 3G wireless network.  Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers, directors of Defendants, or employees, and any legal representative, heir, successor, or assignee of Defendants.

12.     This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 and California Civil Code Section 1781.

13.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that thousands of persons are members of the Class.  The precise number of Class members and their addresses are unknown to Plaintiff.  Class members may be notified of the pendency of this action by published and/or mailed notice.

14.     There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

15.      Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members.

16.     The questions common to members of the Class are, *inter alia*:

a.      Whether the iPhone 3G's connectivity to the 3G network fails at unacceptably high rates, is inherently defective and is not of merchantable quality;

b.      Whether Defendants made false and/or misleading statements of fact to the Class and the public concerning defects inherent in the iPhone 3G and/or 3G service;

c.      Whether Defendants concealed from Plaintiff, the Class and consumers that the iPhone 3G's connectivity to the 3G network is subject to

1  unacceptably high failure rates, is inherently defective and is not of merchantable

2  quality;

3          d.      Whether the iPhone 3G and 3G service fails to conform to

4  Defendants' specifications, which were published, disseminated and advertised to

5  Plaintiff and the Class;

6          e.      Whether Defendants concealed from Plaintiff and the Class that

7                  the

8   iPhone 3G and 3G service did not conform to their stated specifications;

9          f.      Whether Defendants' false and/or misleading statements of fact

10                 and

11 concealment of material facts concerning the performance and reliability of  the

12 iPhone 3G and its ability to connect to the 3G network were likely to deceive the

13 public;

14         g.      Whether, by the misconduct set forth in this Complaint,

15                 Defendants

16 have engaged in unfair, fraudulent or unlawful business practices with respect to the

17 advertising, marketing and sales of the iPhone 3G and 3G service;

18         h.      Whether Defendants violated California's Unfair Business

19 Practices Act;

20         i.      Whether Defendants violated the Consumer Legal Remedies Act;

21 and

22         j.      Whether, as a result of Defendants' misconduct as alleged herein,

23 Plaintiff and the Class are entitled to damages and injunctive relief and other

24 remedies to which Class members are entitled as a result of Defendants' wrongful

25 conduct, and, if so, the amount and nature of such relief.

26         17.     Plaintiff's claims are typical of the claims of the members of the Class

27 as all members of the Class are similarly affected by Defendants' wrongful conduct.

28 Plaintiff has no interests antagonistic to the interests of the other members of the

1  Class.  Plaintiff and all members of the Class have sustained economic injury arising

2  out of the Defendants' violations of common and statutory law as alleged herein.

3       18.     Plaintiff is an adequate representative of the Class because (a) his

4  interests do not conflict with the interests of the members of the Class he seeks to

5  represent; (b) he has retained counsel competent and experienced in complex class

6  action litigation; and (c) he intends to prosecute this action vigorously.  The interests

7  of members of the Class will be fairly and adequately protected by Plaintiff and his

8  counsel.

9       19.     A class action is superior to all other available methods for the fair and

10  efficient adjudication of this controversy since joinder of all members is

11  impracticable.  Furthermore, as the damages suffered by individual Class members

12  may be relatively small, the expense and burden of individual litigation make it

13  impossible for members of the Class to individually redress the wrongs done to them.

14  There will be no difficulty in the management of this class action.  Individualized

15  litigation presents the potential for inconsistent or contradictory judgments. A class

16  action presents far fewer management difficulties and provide the benefits of single

17  adjudication, economy of scale, and comprehensive supervision by a single court.

18                                  **FACTUAL ALLEGATIONS**

19       20.     Apple designs, manufactures, and sells personal computers, portable

20  digital music players, and mobile communication devices, as well as related

21  software, services, peripherals, and networking solutions worldwide.  Apple offers its

22  services and products to businesses and consumers.

23       21.     One such product marketed by Apple in California is its iPhone 3G,

24  which is a mobile cellular phone which purportedly includes additional features such

25  as a video and audio player and an Internet device which provides access to email

26  and the Internet.

27       22.     The "3G" designation refers to the so-called 3G wireless network which

28  purportedly is capable of transferring data at speeds of up to 1.4 Mbps.  Although 3G

1  makes data move faster, it also uses more bandwidth than typical digital voice

2  services.

3      23.    ATTM is the exclusive wireless 3G network service provider for the

4  iPhone 3G.

5      24.    The iPhone 3G is only sold with two-year commitments to ATTM.

6  Plaintiff and Class members have no option but to purchase the 3G iPhone with a two-

7  year

8  commitment to ATTM.

9      25.    At all relevant times, Apple represented to the public, including the

10 Class, that the iPhone 3G was a quick (due to its connectivity to the 3G network),

11 dependable and reliable mobile telephone, that it was free from defects, and that it

12 was of merchantable quality and workmanship.

13     26.    Multi-functional cellular phones have become a lucrative market for

14 companies, who are scrambling for market share in this highly competitive field.

15     27.    To bolster their competitive position, Defendants engaged in a

16 comprehensive advertising blitz (including radio, television, and print advertising),

17 in an effort to convince consumers that the iPhone 3G's connectivity to the 3G

18 network makes it superior (*i.e.*, faster) than competing phones.  For example, Apple's

19 web-site provides the following description for the iPhone 3G:

20         3G technology gives iPhone fast access to the Internet and
           email over cellular networks around the world.  iPhone 3G
21         also makes it possible to do more in more places: Surf the
           web, download email, get directions, and watch video —
22         even while you're on a call.

23 http://www.apple.com/iphone/features/wireless.html

24     28.    Apple also recently launched its advertising slogan for the iPhone 3G

25 which is "half the price, twice the speed."

26     29.    Similarly ATTM's web-site offers the following description of the

27 iPhone 3G:

28

iPhone 3G harnesses the power of AT&T's broad and powerful 3G mobile broadband network, which offers 3G mobile phones download speeds of up to 1.4 Mbps.

http://www.wireless.att.com/cell-phone-service/specials/iPhone.jsp

30.    However, in a rush to quash the efforts of its competitors in the cellular mobile phone industry, Defendants failed to disclose that iPhone 3G cannot maintain a signal on ATTM's 3G network.

31.    As a result of Defendants' misrepresentations, thousands of consumers who purchased Apple's iPhone 3G and accompanying 3G service from ATTM have experienced broken promises regarding the phone's transmission speed.  Defendants' missteps have affected thousands of customers in California, many of whom experience 3G connectivity only a fraction of the time, if at all, that they are connected to the ATTM 3G network.

32.    Despite knowledge that the iPhone 3G cannot maintain consistent 3G service, Defendant continues to solicit new orders in a multimillion-dollar television and print advertising campaign for the iPhone 3G.

33.    Notwithstanding its marketing and advertisement campaign's theme and the express and implicit representations that Defendants would provide customers with fast 3G connectivity with their iPhone 3G, Defendants have been unable to fulfill that obligation to consumers.

34.    On August 11, 2008, C-Net News published an article concerning the iPhone 3G problems plaguing Apple and ATTM.  The article entitled, "*Apple, AT&T mum on iPhone 3G issues*" stated in part:

Widespread complaints about the iPhone 3G's reception have spread across the Internet in the month since Apple and AT&T released the successor to the original iPhone. The companies insist that nothing is wrong, but the complaints have been mounting through e-mails, water-cooler discussions, and message boards on Apple's own Web site: iPhone 3G users are having trouble connecting, and staying connected, to the 3G networks in their areas.

Users say the iPhone 3G will switch between 3G networks and EDGE networks even when the device is sitting still. They'll lose reception in the middle of a call while traveling through a 3G-rich environment. Friends with other 3G phones on AT&T's network are not reporting similar problems. And the issues don't appear to be confined to AT&T's network: iPhone 3G users in other countries report similar problems with their new phones.

As you can imagine, this doesn't sit well with many who eagerly bought the iPhone 3G to take advantage of 3G networks, which Apple promises are "twice as fast" as the EDGE networks in its advertising material. "Frankly, if I knew it was going to be like this, I wouldn't have paid the extra $10 a month," said iPhone 3G owner David Howard of Provo, Utah.

Repeated attempts over the past week to get Apple and AT&T to even acknowledge the uproar--if not the issues specifically--proved pointless. Apple didn't even attempt to answer the questions, deferring inquiries to AT&T, which declared that there were absolutely no widespread problems with the iPhone 3G on its network.

"What we're seeing is that the iPhone 3G is performing very well," said Mark Siegel, a spokesman for AT&T. "I'm not denying that people are having problems. But we have to deal with these on a case-by-case basis."

It's always difficult to determine the scope of an issue posted on Internet message boards--whether or not a loud minority is blowing up a relatively minor problem into something more. But this time, lots of different people are crowding the Internet to vent their frustrations and search for answers to the reception issues, and they are finding a lot of sympathizers.

35.     On August 12, 2008, Richard Windsor, an research analyst with Nomura Securities International, Inc. issued a report stating that it was his opinion that the iPhone 3G's inability to reliably connect to the 3G network relates to a specific design defect within the phone.

36.     When Apple replaced phones in response to customer complaints regarding the iPhone 3G's inability to connect to the 3G network, Apple simply replicated the problems by providing consumers with replacement phones and thus subject to the same issues which prompted the replacements.

37.     Additionally, Defendants concealed material facts concerning the iPhone 3G, including that the phone is unable to maintain a signal on the ATTM 3G network, is not of merchantable quality, and does not conform to stated specifications.

38.     During the relevant period, Defendants knew or should have known that the iPhone 3G was unable to maintain a 3G signal.  Nevertheless, Defendants have not warned consumers of the problems or taken steps to prevent consumers from experiencing system failures and data losses, and has failed to warn or effectively remedy the iPhone 3G's inherent defects or ATTM's network problems.  Instead, and despite its knowledge of these malfunctions, Defendants  have and continues to remain silent about these problems, even as a significant percentage of iPhone 3Gs fail to perform adequately.  To date, Defendants have failed to warn customers about the risks inherent in purchasing and relying on the iPhone 3G and as a mobile phone capable of maintaining a signal on the ATTM 3G network.

39.     As a result of Defendants' false or  misleading statements and concealment of material facts, Plaintiff and the Class bought thousands of iPhone 3Gs with ATTM 3G Service Plan and were unable to use these devices as advertised. The iPhone 3G's and ATTM 3G's network failures continue to occur.

40.     Because of Defendants' failure in living up to their marketing campaigns, Plaintiff and the Class have been denied 3G access, and have missed opportunities to purchase other cellular mobile phones with competing phone manufacturers.  As a result of the Plaintiff and Class members contractual commitment to ATTM, they have been precluded from seeking alternative network services.  As a result of Defendants' egregious conduct, Plaintiff and the Class have been economically injured.

**COUNT I**

**[Unfair Business Practices Act]**

**Cal. Bus. & Prof. Code section 17200**

41.     Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges each and every allegation above as if fully set forth herein, and further alleges as follows.

42.     The Unfair Business Practices Act defines unfair business competition to include any  "unfair ," "unlawful," or "fraudulent" business at or practice.  Cal. Bus. & Prof. Code §17200.  Unfair competition also includes "unfair, deceptive, untrue or misleading advertising."   The Act also provides for injunctive relief and restitution for violations.

43.     Throughout the Class Period, Defendants committed acts of unfair competition, as defined by Business & Professions Code §17200, by falsely and inaccurately representing, among other things as previously set forth herein, the iPhone 3G's ability to access ATTM's 3G network.

44.     Additionally, Defendants' practice of advertising the iPhone 3G's superior 3G capabilities when used with ATTM's 3G network, when in fact the phone continued to suffer from its inability in providing 3G service constitutes an unfair business practice.  Defendants' inability to meet its representations were contrary to its advertisements and therefor violated Business & Professions Code §17200.

45.     Defendants' conduct is unfair in that the harm to Plaintiff and the Class arising from Defendants' conduct outweighs the utility, if any, of those practices.

46.     Defendants have engaged in conduct that is unlawful in that it is a violation of  Business & Professions Code §§17200 and 17500, and the Consumer Legal Remedies Act, in addition to other potential statutory violations.

47.     As a direct and proximate result of the acts and practices alleged above, pursuant to California Business & Professions Code §17203, Plaintiff and the Class

are therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices, including, but not limited to, disgorgement of all profits derived from the sale of the iPhone 3G; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, *California Code of Civil Procedure* §1021.5.

## COUNT II

### [Deceptive Practices]

**Consumer Legal Remedies Act, California Civil Code §1750 et seq.**

48.     Plaintiff realleges and incorporates herein by reference each of the foregoing paragraphs.

49.     The policies, acts, and practices described in this Complaint were intended to and  did result in the sale of Apple iPhone 3Gs and ATTM Service Plan to consumers.  By offering its iPhone 3G for sale to the public, Defendants represented, directly or by implication, that the iPhone 3G and ATTM 3G network did not have any latent defects that would substantially affect their ability to access the 3G network.

50.     Defendants' practices, acts, policies, and course of conduct violated the California Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.*, (the "CLRA"), in that:

1.     Defendants represented that the iPhone 3G had characteristics, uses, benefits, or quantities which it does not have, in violation of *California Civil Code* §1770(a)(5) – specifically, Defendants misrepresented the ability of the iPhone 3G to access the 3G network;

2.     Defendants represented that the iPhone 3G was of a particular standard or quality, when it is of another in violation of §1770(a)(7) of the CLRA; and

3.      The business practices engaged in by Defendants that violate the CLRA include, without limitation, failing to disclose or concealing that Defendants knew or had reason to know the iPhone 3G and ATTM 3G network was defective.

51.     Plaintiff seeks damages and restitution of all monies received by Defendants as a result of sales from the iPhone 3G and ATTM Service Plan as provided in *California Civil Code* §1780.  Plaintiff is informed and believes that the amount of said damages and restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial when the same has been ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests on behalf of himself and other members of the Class, for judgment against defendants as follows:

1.      An Order certifying the proposed Class herein under *Code of Civil Procedure* §382 and *Civil Code* §1781;

2.      Awarding damages including interest and/or restitution and appropriate equitable relief in favor of Plaintiff and the other class members against Defendants;

3.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees pursuant to *California Civil Code §1780(e) and California Code of Civil Procedure* §1021.5; and

4.      Awarding such other and further relief as this Court may deem just and proper including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict defendant's assets to assure Plaintiff and the members of the Class have an effective remedy.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: December 4, 2009

GLANCY BINKOW & GOLDBERG LLP

By: __*s/Michael Goldberg*_____
     Lionel Z. Glancy
     Michael Goldberg
     Marc L. Godino

1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Consolidated Plaintiff Jacob Medway*

**PROOF OF SERVICE BY ELECTRONIC POSTING**
**PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND**
**ECF GENERAL ORDER NO. 45**
<u>**AND BY MAIL ON ALL NON-REGISTERED PARTIES**</u>

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On December 4, 2009, I served the following by posting such documents electronically to the ECF website of the United States District Court for the Northern District of California:

1   **AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND**
    **EQUITABLE RELIEF & SUMMONS ON AMENDED COMPLAINT**

on all ECF-registered parties in the action:

<u>**SEE SERVICE LIST**</u>

and by mail upon any non-registered parties.

Executed on December 4, 2009, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.


____*S/Daniel C. Rann*_____
Daniel C. Rann

SERVICE LIST

**M:09-cv-02045-JW** In Re: Apple iPhone 3G Products Liability Litigation
James Ware, presiding
**Date filed:** 07/01/2009
**Date of last filing:** 12/02/2009
& 5:09-00330 JACOB MEDWAY V. APPLE, INC.

# Attorneys

| | | |
|---|---|---|
| **Mila F Bartos**<br>Finkelstein Thompson LLP<br>1050 30th Street, N.W.<br>Washington, DC 20007<br>202-337-8000<br>mbartos@finkelsteinthompson.com<br>*Assigned: 07/01/2009*<br>*ATTORNEY TO BE NOTICED* | representing | **Haig P Ashikian**<br>*(Interested Party)* |
| **James E. Cecchi**<br>Carella Byrne Bain Gilfillan Cecchi Stewart & Olstein PC<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>973 994-1700<br>973 994-1744 (fax)<br>jcecchi@carellabyrne.com<br>*Assigned: 09/30/2009*<br>*ATTORNEY TO BE NOTICED* | representing | **DAMONE DICKERSON**<br>*TERMINATED: 11/24/2009*<br>*(Plaintiff)* |
| **Roger F. Claxton**<br>Claxton & Hill PLLC<br>10000 N. Central Expressway<br>Suite 725<br>Dallas, TX 75231-2351<br>(214) 969-9029<br>*Assigned: 07/01/2009*<br>*ATTORNEY TO BE NOTICED* | representing | **Alyce R. Payne**<br>*(Interested Party)* |
| | | **Karen Michaels**<br>*(In Re)* |
| | | **Lorna Harris**<br>*(Interested Party)* |
| | | **William French**<br>*(Interested Party)* |
| **Gina M. Doughterty**<br>Emerson Poynter LLP<br>500 President Clinton Ave., Suite 305<br>Little Rock, AR 72201<br>501-907-2255<br>501-907-2556 (fax)<br>gdougherty@emersonpoynter.com<br>*Assigned: 09/17/2009*<br>*ATTORNEY TO BE NOTICED* | representing | **Aaron Walters**<br>*(Interested Party)* |
| **William James Doyle, II**<br>Doyle Lowther LLP<br>9466 Black Mountain Road<br>Suite 210<br>San Diego, CA 92126<br>619-573-1700 x1702<br>619-573-1701 (fax)<br>bill@doylelowther.com<br>*Assigned: 09/17/2009*<br>*ATTORNEY TO BE NOTICED* | representing | **Aaron Walters**<br>*(Interested Party)* |
| **John G. Emerson**<br>Emerson Poynter LLP<br>830 Apollo Lane<br>Houston, TX 77058<br>281-488-8854<br>281-488-8867 (fax)<br>jemerson@emersonpoynter.com<br>*Assigned: 09/17/2009*<br>*ATTORNEY TO BE NOTICED* | representing | **Aaron Walters**<br>*(Interested Party)* |

**Gordon M. Fauth, Jr.**
Litigation Law Group
1801 Clement Av
Suite 101
Alameda, CA 94501
(510) 238-9610
(510) 337-1431 (fax)
gmf@classlitigation.com
*Assigned: 09/30/2009*
*ATTORNEY TO BE NOTICED*

representing

**James R. Pittman**
510-238-9610
510-227-2431 (fax)
gmf@classlitigation.com
*(Interested Party)*

**W Lewis Garrison, Jr**
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, AL 35203
205-326-3336
205-326-3332 (fax)
pputman@hgdlawfirm.com
*Assigned: 07/01/2009*
*ATTORNEY TO BE NOTICED*

representing

**Jessica Alena Smith**
*(Interested Party)*

**Wilton Lee Triggs, II**
*(Interested Party)*

**Marc Lawrence Godino**
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars
Ste 311
Los Angeles, CA 90067
310-201-9150
(310) 201-9160 (fax)
mgodino@glancylaw.com
*Assigned: 09/30/2009*
*ATTORNEY TO BE NOTICED*

representing

**Jacob Medway**
*(Interested Party)*

**Adam R. Gonnelli**
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
212-983-9330
212-983-9331 (fax)
agonnelli@faruqilaw.com
*Assigned: 07/01/2009*
*ATTORNEY TO BE NOTICED*

representing

**Tomothy Ritchie**
*(Interested Party)*

**James Robert Hail**
Doyle Lowther LLP
9466 Black Mountain Road
Suite 210
San Diego, CA 92126
619-573-1700
619-573-1701 (fax)
jim@doylelowther.com
*Assigned: 09/17/2009*
*ATTORNEY TO BE NOTICED*

representing

**Aaron Walters**
*(Interested Party)*

**Anne M. Hunter**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2484
415-268-6607
AHunter@mofo.com
*Assigned: 09/29/2009*
*ATTORNEY TO BE NOTICED*

representing

**Apple, Inc.**
*(Interested Party)*

**Christopher D. Jennings**
Emerson Poynter LLP
The Museum Center
500 President Clinton Ave., Suite 305
Little Rock, AR 72201
501-907-2555
501-907-2556 (fax)
cjennings@emersonpoynter.com
*Assigned: 09/17/2009*
*ATTORNEY TO BE NOTICED*

representing

**Aaron Walters**
*(Interested Party)*

**Edith M. Kallas**
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300
 *Assigned: 09/30/2009*
 *ATTORNEY TO BE NOTICED*

representing

**Peter Keller**
*(Interested Party)*

**Emily C. Komlossy**
Faruqi & Faruqi LLP
3595 Sheridan Street
Suite 206
Hollywood, FL 33021
(954) 239-0280
 *Assigned: 07/01/2009*
 *ATTORNEY TO BE NOTICED*

representing

**Onel Gonzalez**
*(Interested Party)*

**Ron J. Brayteson**
*(Interested Party)*

**John Allen Lowther, IV**
Doyle Lowther LLP
9466 Black Mountain Road
Suite 210
San Diego, CA 92126
619-573-1700 x1703
619-573-1701 (fax)
john@doylelowther.com
 *Assigned: 09/17/2009*
 *ATTORNEY TO BE NOTICED*

representing

**Aaron Walters**
*(Interested Party)*

**Alan M. Mansfield**
Rosner & Mansfield LLP
10085 Carroll Canyon Road
Suite 100
San Diego, CA 92131
619-308-5034
888-341-5048 (fax)
alan@clgca.com
 *Assigned: 07/01/2009*
 *ATTORNEY TO BE NOTICED*

representing

**Eulardi Tanseco**
*(Interested Party)*

**Peter Keller**
*(Interested Party)*

**William J. Gillis, Jr.**
*(Interested Party)*

**Aaron Walters**
*(Interested Party)*

**Alyce R. Payne**
*(Interested Party)*

**Avi Koschitzki**
*(Interested Party)*

**Haig P Ashikian**
*(Interested Party)*

**Jacob Medway**
*(Interested Party)*

**Jessica Alena Smith**
*(Interested Party)*

**Karen Michaels**
*(In Re)*

**Onel Gonzalez**
*(Interested Party)*

**Ron J. Brayteson**
*(Interested Party)*

**Tomothy Ritchie**
*(Interested Party)*

**William French**
*(Interested Party)*

**Wilton Lee Triggs, II**
*(Interested Party)*

**James R. Pittman**
510-238-9610
510-227-2431 (fax)
gmf@classlitigation.com
*(Interested Party)*

**Lorna Harris**
*(Interested Party)*

**DAMONE DICKERSON**
*TERMINATED: 11/24/2009*
*(Plaintiff)*

**Heather A. Moser**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
415-268-7522 (fax)
hmoser@mofo.com
 *Assigned: 09/29/2009*
 *ATTORNEY TO BE NOTICED*

representing    **Apple, Inc.**
*(Interested Party)*

**Andrew David Muhlbach**
Morrison & Foerster
425 Market Street
32nd Floor
San Francisco, CA 94105-2482
(415) 268-7000
(415) 268-7522 (fax)
amuhlbach@mofo.com
 *Assigned: 09/29/2009*
 *ATTORNEY TO BE NOTICED*

representing    **Apple, Inc.**
*(Interested Party)*

**Jason C. Murray**
Crowell & Moring LLP
515 South Flower Street
40th Floor
Los Angeles, CA 90071
213-622-4750
213-622-2690 (fax)
jmurray@crowell.com
 *Assigned: 09/11/2009*
 *ATTORNEY TO BE NOTICED*

representing    **AT&T Mobility, LLC**
*(Interested Party)*

**Lynn E. Parseghian**
Crowell & Moring
1001 Pennsylvania Ave
Washington, DC 20004
202-624-2500
202-628-5116 (fax)
lparseghian@crowell.com
 *Assigned: 09/21/2009*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*

representing    **AT&T Mobility, LLC**
*(Interested Party)*

**Adam Plant**
Whatley Drake & Kallas LLC
2001 Park Place North
Suite 1000
Birmingham, AL 35203

representing    **Aaron Walters**
*(Interested Party)*

205-328-9576
aplant@wdklaw.com
*Assigned: 09/17/2009*
*ATTORNEY TO BE NOTICED*

**Scott E. Poynter**
Emerson Poynter LLP
The Museum Center
500 President Clinton Ave. Suite 305
Little Rock, AR 72201
501-907-2555
501-907-2556 (fax)
scott@emersonpoynter.com
*Assigned: 09/17/2009*
*ATTORNEY TO BE NOTICED*

representing

**Aaron Walters**
*(Interested Party)*

**Penelope A. Preovolos**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
(415) 268-7522 (fax)
PPreovolos@mofo.com
*Assigned: 07/01/2009*
*ATTORNEY TO BE NOTICED*

representing

**Apple Computer Periphals, Inc**
*(Interested Party)*

**Apple Computer, Inc.**
*(Interested Party)*

**Apple, Inc.**
*(Interested Party)*

**Mark S. Reich**
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road
Suite 200
Melville, NY 11747
631-367-7100
631-367-1173 (fax)
mreich@csgrr.com
*Assigned: 07/01/2009*
*ATTORNEY TO BE NOTICED*

representing

**Avi Koschitzki**
*(Interested Party)*

**Rosemary M. Rivas**
Finkelstein Thompson LLP
100 Bush Street
Suite 1450
San Francisco, CA 94104
415-398-8700
415-398-8704 (fax)
rrivas@finkelsteinthompson.com
*Assigned: 09/17/2009*
*ATTORNEY TO BE NOTICED*

representing

**Haig P Ashikian**
*(Interested Party)*

**Eulardi Tanseco**
*(Interested Party)*

**Jay P. Saltzman**
Schoengold Sporn Laitman & Lomett , P.C.
19 Fulton Street
Suite 406
New York, NY 10038
(212) 964-0046
(212) 267-8137 (fax)
jay@spornlaw.com
*Assigned: 09/30/2009*
*ATTORNEY TO BE NOTICED*

representing

**Eulardi Tanseco**
*(Interested Party)*

**Kathleen Taylor Sooy**
Crowell & Moring LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
202-624-2608
202-628-5116 (fax)
ksooy@crowell.com

representing

**AT&T Mobility, LLC**
*(Interested Party)*

*Assigned: 07/01/2009*
*ATTORNEY TO BE NOTICED*

**AT&T, Inc.**
*(Interested Party)*

**Stephen A. Weiss**
Seeger Weiss LLP
One William Street
New York, NY 10004
212-584-0700
212-584-0799 (fax)
sweiss@seegerweiss.com
 *Assigned: 09/30/2009*
 *ATTORNEY TO BE NOTICED*

representing

**DAMONE DICKERSON**
*TERMINATED: 11/24/2009*
*(Plaintiff)*

**Joe R. Whatley, Jr.**
Whatley Drake & Kallas LLC
1540 Broadway
37th Floor
New York, NY 10036
212-447-7070
212-447-7077 (fax)
jwhatley@wdklaw.com
 *Assigned: 07/01/2009*
 *ATTORNEY TO BE NOTICED*

representing

**Aaron Walters**
*(Interested Party)*

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/04/2009 15:27:35 | | |
| **PACER Login:** | lg0030 | **Client Code:** APPLEIPHONE |
| **Description:** | Attorney List | **Search Criteria:** M:09-cv-02045-JW |
| **Billable Pages:** | 4 | **Cost:** 0.32 |