M. Kay Martin (CSB No. 154697)
  mmartin@crowell.com
Kevin P. O'Brien (CSB No. 215148)
  kobrien@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Kathleen Taylor Sooy (pro hac vice)
  ksooy@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Counsel for AT&T Mobility LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>Apple iPhone 3G Products Liability Litigation<br><br>THIS MATTER PERTAINS TO:<br><br>ALL ACTIONS | CASE NO. M 09-02045 JW<br><br>**CLASS ACTION**<br><br>**DEFENDANT AT&T MOBILITY LLC'S MOTION TO ENLARGE TIME TO RESPOND TO MASTER ADMINISTRATIVE CONSOLIDATED SECOND AMENDED COMPLAINT**<br>[FED. R. CIV. P. 6(b)(1); CIV. L.R. 6-3] |

### RELIEF SOUGHT

Defendant AT&T Mobility LLC ("ATTM") moves this court to extend the time to respond to plaintiffs' Master Administrative Consolidated Second Amended Complaint ("Second Amended Complaint"), which was served and filed on May 7, 2010. Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, defendants' responsive pleadings would be due within 14 days, or on May 21, 2010. Requiring ATTM to respond by that date, however, would impose substantial harm and prejudice as to ATTM, as well as create confusion and inefficiency with respect to the Court's calendar. Plaintiffs have acknowledged that their Second Amended

CASE NO. M 09-02045 JW
MOTION TO ENLARGE TIME

1  Complaint may need to be further amended to conform to the Court's April 2, 2010 Order
2  Granting Defendant AT&T Mobility, LLC's Motion to Dismiss Master Consolidated Complaint
3  (Doc. No. 184) ("April 2 Dismissal Order") and the Court's determination of plaintiffs' pending
4  Motion For Leave To File Motion For Reconsideration (Doc. No. 187, filed April 30, 2010)
5  ("Motion For Leave").  A subsequent amended complaint potentially would omit 14 of the 16
6  causes of action currently pled in the Second Amended Complaint.

7  Accordingly, ATTM requests an extension of time to respond to the Second Amended
8  Complaint, from May 21, 2010 to a date 30 days after one of the following occurs: (1) plaintiffs
9  file a new amended complaint conforming to the Court's April 2 Dismissal Order if the Court
10 denies plaintiffs' pending Motion For Leave; (2) plaintiffs file a new amended complaint
11 conforming to the Court's April 2 Dismissal Order if the Court grants plaintiffs' Motion For
12 Leave and denies plaintiffs' Motion For Reconsideration of the Court's Dismissal Order; or
13 (3) plaintiffs are allowed to proceed with the Second Amended Complaint if the Court grants
14 plaintiffs' Motion For Leave and Motion For Reconsideration and allows plaintiffs to assert the
15 state law counts, which presently have been dismissed with prejudice based on preemption.[1]

16 **GROUNDS FOR RELIEF**

17 ATTM requests an extension of time to respond to plaintiffs' Second Amended Complaint
18 for two reasons.  <u>First</u>, until an amended complaint is filed that fully complies with the Court's
19 April 2, Dismissal Order, any responsive pleading would be premature.  Indeed, requiring ATTM
20 to respond to a 55 page complaint that plaintiffs themselves acknowledge may soon be amended
21 would cause substantial harm and prejudice to ATTM and would create confusion and
22 inefficiency with respect to the Court's calendar.  <u>Second</u>, because the Second Amended
23 Complaint includes <u>new</u> causes of action not previously asserted in this action (the 15th cause of
24 action alleging violation of the Federal Communications Act ("FCA"), and the 16th cause of

---

[1] Alternatively, if the Court prefers to set a fixed deadline, ATTM requests an extension of time to respond to the Second Amended Complaint of 90 days, to August 19, 2010, which should allow sufficient time for plaintiffs to file an amended complaint that conforms to this Court's April 2 Dismissal Order and the Court's order with respect to plaintiffs' pending Motion For Leave.  Defendants have not previously requested any extensions of time in this case.

action alleging violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")), the 14 days to respond to an <u>amended</u> complaint allowed by Rule 15(a)(3) should be extended, as plaintiffs have in effect initiated a new complaint.

### A. Because Plaintiffs Intend To Further Amend Their Operative Complaint, Requiring ATTM To File A Responsive Pleading By May 21, 2010 Would Be Premature And Would Cause Substantial Harm And Prejudice.

In its April 2 Dismissal Order, the Court dismissed with prejudice all 14 causes of action asserted in plaintiffs' Master Administrative Consolidated Amended Complaint as preempted under the FCA and granted plaintiffs leave to assert claims <u>only</u> under the FCA. April 2 Dismissal Order at 15:22-16:5. The Court ordered that any amended complaint must be filed by April 26, 2010, and "shall be consistent with the terms of this order." *Id.* at 16:4-5. Plaintiffs sought and were granted an 11 day extension of the April 26 filing deadline (which request was unopposed by defendants), to May 7, on the ground that plaintiffs "need[ed] additional time to ensure that the amended complaint conforms in all respects to federal pleading standards and the previous order of this Court." *See* April 21, 2010 Declaration of Adam P. Plant In Support Of Unopposed Motion For Administrative Relief Of Plaintiffs To Enlarge Time To File Amended Complaint (Doc. No. 185-1).

After securing an extension of their deadline for filing an amended complaint, plaintiffs filed their Motion For Leave, along with their proposed Motion For Reconsideration of the April 2 Dismissal Order, on April 30, 2010. *See* Doc. No. 187. Then, on May 7, purportedly relying on their pending Motion For Leave, plaintiffs filed an amended complaint that is <u>not</u> consistent with terms of the April 2 Dismissal Order. Plaintiffs' Second Amended Complaint includes all 14 of the causes of action the Court dismissed with prejudice and, contrary to the limited leave to amend granted by the Court, adds new causes of action under both the FCA and RICO. In a footnote, plaintiffs state that they intend to further amend their complaint depending on the outcome of the Motion For Leave:

> Plaintiffs have amended their complaint to include additional claims under federal law. They also, however, have pending a motion for leave to file a motion to reconsider the order dismissing state law claims in the previous complaint that this Court determined were preempted by the Federal Communications Act.

& MORING LLP
ATTORNEYS AT LAW

3                                    CASE NO. M 09-02045 JW
MOTION TO ENLARGE TIME

> That motion has not been ruled upon at the time this Complaint was filed.  <u>Once that motion as been decided, Plaintiffs will conform this pleading accordingly</u>, if necessary.

Second Amended Complaint at 2 n.1 (emphasis added) (internal citations omitted).  Presumably, if the Court denies plaintiffs' Motion For Leave or Motion For Reconsideration, plaintiffs will file a new amended complaint omitting the 14 claims that previously were dismissed.

Because of the uncertainty as to what causes of action plaintiffs' operative complaint ultimately will contain, ATTM and Apple requested that plaintiffs agree to a schedule for responding to the Second Amended Complaint that would be triggered by the Court's ruling on the Motion For Leave, or if leave is granted, from the ruling on the Motion For Reconsideration and the subsequent filing of any amended complaint.  *See* Declaration of M. Kay Martin In Support Of Motion To Enlarge Time To Respond To Master Administrative Consolidated Second Amended Complaint ("Martin Dec.") at ¶6, Ex. A.  In particular, ATTM and Apple requested (as ATTM requests in this Motion) that their responses to the Second Amended Complaint be due either:  (1) 30 days from when plaintiffs filed a new amended complaint conforming to the Court's April 2 Dismissal Order if the Court denies the Motion For Leave; (2) 30 days from when plaintiffs filed a new amended complaint conforming to the Court's April 2 Dismissal Order if the Court grants the Motion For Leave and denies the Motion For Reconsideration; or (3) 30 days from the Court's ruling on plaintiffs' Motion For Reconsideration if the Court grants the Motion For Leave and grants the Motion For Reconsideration, allowing plaintiffs to proceed with the claims as pleaded in the existing Second Amended Complaint.  *Id.*  In response, plaintiffs agreed to discuss a briefing schedule on the new causes of action, but maintained that the prior briefing on the 14 dismissed causes of action should simply be incorporated by reference, despite the fact that they amended the allegations supporting those causes of action.  *See* Martin Dec. at ¶7, Ex. B.  Because counsel were unavailable to discuss the issue further in a timely fashion, ATTM was forced to file this motion in light of the impending deadline of May 21.  Martin Dec. at ¶8.

Requiring a responsive pleading to be filed by May 21 would impose substantial harm and prejudice on ATTM in that ATTM would be forced to unnecessarily expend significant resources to respond to 14 causes of action that this Court has dismissed with prejudice and that may soon

1  be withdrawn by plaintiffs.  Martin Dec. at ¶4.  Moreover, because plaintiffs have modified their

2  specific allegations within the causes of action, in some cases pleading additional facts and in

3  others omitting facts previously pleaded, ATTM could not simply re-file its previously filed

4  Motion To Dismiss or Motions To Compel Arbitration with respect to these claims without re-

5  evaluating the modified allegations and potentially addressing them in its motions.  *Id.*  The

6  Court's calendar also will be disrupted in that any motions filed in response to the current Second

7  Amended Complaint likely would have to be withdrawn and the issues re-briefed to take into

8  account any subsequently filed amended complaint.  *Id.*

9      **B.   Defendants Should Not Be Required To Respond To Plaintiffs' Newly Filed FCA And RICO Claims Within The 14 Days Allowed By Rule 15(a)(1) To**

10      **Respond To Amended Pleadings.**

11      The Second Amended Complaint includes causes of action under the FCA and RICO that

12  plaintiffs are asserting for the first time in this action.  Martin Dec. at ¶5.  While plaintiffs assert

13  their FCA and RICO claims in an amended pleading, plaintiffs are, as a practical matter, initiating

14  a <u>new</u> lawsuit based on new theories of liability.  Accordingly, the 14 day deadline that Rule

15  15(a)(3) allows for responses to <u>amended</u> pleadings is not reasonable or realistic.

16                                **CONCLUSION**

17      Based on the foregoing, ATTM respectfully requests that the Court grant its Motion To

18  Enlarge Time To Respond To The Master Administrative Consolidated Second Amended

19  Complaint.

20  Dated: May 12, 2010                               /s/ M. Kay Martin

21                                                  M. Kay Martin
                                                   mmartin@crowell.com

22                                                CROWELL & MORING LLP
                                               275 Battery Street, 23rd Floor

23                                                San Francisco, CA  94111
                                               Telephone: (415) 986-2800

24                                                Facsimile:  (415) 986-2827

25                                                 Counsel for AT&T Mobility LLC

26

27  074931\0000241\11508966.1

28