**United States District Court**

For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                   SAN FRANCISCO DIVISION

9   In re Apple iPhone 3G Products Liability          NO. MDL C 09-02045 JW
    Litigation

10                                                    **ORDER DENYING PLAINTIFFS'**
                                                      **MOTION TO CERTIFY FOR**
11                                                    **INTERLOCUTORY APPEAL**
                                                    /
12

13         Presently before the Court is Plaintiffs' Motion to Certify for Interlocutory Appeal.[1]  In their

14   Motion, Plaintiffs request that the Court certify for immediate interlocutory appeal two questions

15   arising from its May 9, 2012 Order[2] in this case, namely: (1) whether a defendant that is a non-

16   signatory to a contract containing an arbitration clause may, under the doctrine of equitable estoppel,

17   compel arbitration against a plaintiff that is a signatory to that contract; and (2) whether Plaintiffs'

18   claims under the Magnuson-Moss Warranty Act ("MMWA") are subject to arbitration.  (Motion at

19   2-20.)  Defendants respond that: (1) Plaintiffs' motion is untimely, insofar as they waited almost two

20   months after the May 9 Order was issued before seeing "immediate" interlocutory appeal of that

21   Order; (2) the Ninth Circuit has recently denied permission for an interlocutory appeal of the first

22   question in another case, which means that good cause does not exist for certifying the question in

23   this case; and (3) there is no "substantial ground for difference of opinion" as to the second question,

24

25

26         [1]  (Plaintiffs' Notice of Motion and Motion to Amend Order to Certify for Immediate
     Interlocutory Appeal; Memorandum in Support Thereof, hereafter, "Motion," Docket Item No. 292.)
27

28         [2]  (Order Granting Defendants' Motions to Compel Arbitration; Denying as Moot Motion to
     Dismiss, hereafter, "May 9 Order," Docket Item No. 291.)

as no appellate court has held that MMWA claims are *not* subject to arbitration.[3]   The Court finds it

appropriate to take the Motion under submission without oral argument.  See Civ. L.R. 7-1(b).

Title 28 U.S.C. § 1292(b) provides, in pertinent part, that a district judge may certify an order

for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order involves "a

controlling question of law"; (2) there "is substantial ground for difference of opinion" as to the

resolution of that question; and (3) "an immediate appeal from the order may materially advance the

ultimate termination of the litigation[]."  Even if all three of these requirements are satisfied, "a

district court still has the discretion in deciding whether or not to grant a party's motion for

certification."  In re LDK Solar Sec. Litig., 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008).

Certification should "be used only in extraordinary cases where decision of an interlocutory appeal

might avoid protracted and expensive litigation."  U.S. Rubber Co. v. Wright, 359 F.2d 784, 785

(9th Cir. 1966).

Upon review, the Court does not find good cause to certify its May 9 Order for interlocutory

appeal.  First, as to the issue of whether a non-signatory defendant may assert equitable estoppel

against a signatory plaintiff, the Court observes that it recently certified this precise issue for

interlocutory appeal in a different case involving Defendants.[4]   However, on April 27, 2012, the

Ninth Circuit denied the plaintiffs in that case permission to appeal that issue.  See id.  Given that

the Ninth Circuit has recently declined to review this exact issue, and insofar as Plaintiffs do not

point to any legal change in the past three months suggesting that the Ninth Circuit might reach a

---

[3]  (Defendant AT&T Mobility LLC's Opposition to Plaintiffs' Motion to Amend Order to
Certify for Immediate Interlocutory Appeal at 1-5, Docket Item No. 293; Apple Inc.'s Memorandum
of Points and Authorities in Opposition to Motion to Certify for Immediate Interlocutory Appeal at
2-9, Docket Item No. 294.)

[4]  See In re Apple iPhone Antitrust Litig., No. C 11-06714 JW, 2012 WL 2829759, at *5 n.18
(N.D. Cal. July 11, 2012) (discussing the Court's certification of this issue in another case).

2

**United States District Court**

For the Northern District of California

1    different decision if the issue were recertified at this time,[5] the Court does not find good cause to

2    certify this issue for interlocutory appeal.

3         Second, as to the issue of whether MMWA claims are arbitrable, the Court also does not find

4    good cause to certify this issue for interlocutory appeal.  Here, in its May 9 Order, the Court

5    explained that Plaintiffs' contentions regarding the arbitrability of their MMWA claim were

6    predicated on the Ninth Circuit's opinion in <u>Kolev v. Euromotors West/The Auto Gallery</u>.[6] (May 9

7    Order at 6 n.15.)  However, as the Court went on to explain, the Ninth Circuit *sua sponte* withdrew

8    its opinion in <u>Kolev</u> on April 11, 2012–i.e., two days after the hearing was held on the motions that

9    the Court addressed in its May 9 Order–and stated that <u>Kolev</u> "may not be cited as precedent by or

10   to this court or any district court of the Ninth Circuit."[7]  Thus, the Court considered whether

11   MMWA claims are arbitrable without reference to the withdrawn <u>Kolev</u> opinion, and concluded that

12   such claims are arbitrable.  (<u>Id.</u> at 6-8.)  As to this conclusion, Plaintiffs do not offer any argument,

13   other than the reasoning contained in the <u>Kolev</u> opinion itself, in support of the proposition that

14   MMWA claims are not arbitrable.  (<u>See</u> Motion at 7-17.)  However, as discussed above, the Ninth

15   Circuit has expressly stated that <u>Kolev</u> "may not be cited as precedent" to this Court.[8]  Accordingly,

16

17        [5]  As to this issue, Plaintiffs acknowledge that the Ninth Circuit declined to review this exact
     issue in the previous case, but contend that, "[g]iven the factual differences in this action, the Ninth
18   Circuit could well determine that an interlocutory appeal is appropriate here despite declining to take
     the appeal in [the previous case]."  (Motion at 5.)  However, the Court finds that this contention is
19   purely speculative.

20        [6]  658 F.3d 1024 (9th Cir. 2011).

21        [7]  (May 9 Order at 6 n.15 (citing <u>Kolev v. Euromotors West/The Auto Gallery</u>, No. 09-
     55963, 2012 WL 1194177, at *1 (9th Cir. Apr. 11, 2012)).)
22

         [8]  Plaintiffs concede that <u>Kolev</u> has been withdrawn by the Ninth Circuit, but contend that the
23   Court may nonetheless rely on the "analysis that was undertaken by the Ninth Circuit in <u>Kolev</u>."
     (Motion at 7.)  Plaintiffs then reiterate the reasoning of the <u>Kolev</u> opinion, and contend that this
24   reiteration constitutes an "independent examination" of the "authorities cited in <u>Kolev</u>" which
     happens to "yield[] the same result" as was arrived at by the Ninth Circuit in <u>Kolev</u>.  (<u>Id.</u> at 7-12.)
25   However, Plaintiffs cite no caselaw for the proposition that, even after a Ninth Circuit opinion has
     been withdrawn, it is permissible for parties to cite the "analysis" contained in that opinion.
26   Moreover, the Court finds that the argument presented by Plaintiffs–namely, an argument that
     concedes that <u>Kolev</u> has been withdrawn, but which proceeds to "independently" recite the analysis
27   contained in <u>Kolev</u> and contend that the Court should rely upon that analysis–would vitiate the

28
                                                    3

the Court finds that Plaintiffs have not shown that there is any "substantial ground for difference of opinion" as to this issue, which means that the Court may not certify this issue for interlocutory appeal.

In sum, the Court does not find good cause to certify any aspect of its May 9 Order for interlocutory appeal.[9] Accordingly, the Court DENIES Plaintiffs' Motion to Certify for Interlocutory Appeal.

Dated:  July 19, 2012

JAMES WARE
United States District Chief Judge

---

Ninth Circuit's express prohibition on citing Kolev "as precedent" to this Court.

[9] In light of its findings as to the merits of Plaintiffs' Motion, the Court does not reach Defendants' contention that the Motion is untimely.

4

**United States District Court**

For the Northern District of California

1

2  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

3  Adam Plant aplant@wdklaw.com
Adam R. Gonnelli agonnelli@faruqilaw.com

4  Alan M. Mansfield alan@clgca.com
Alan M. Mansfield alan@clgca.com

5  Alexis Alexander Phocas aap@classlitigation.com
Andrew David Muhlbach amuhlbach@mofo.com

6  Anne M. Hunter AHunter@mofo.com
Christopher D. Jennings cjennings@emersonpoynter.com

7  Donald M. Falk dfalk@mayerbrown.com
Gina M. Doughterty gdougherty@emersonpoynter.com

8  Gordon M. Fauth gmf@classlitigation.com
Heather A. Moser hmoser@mofo.com

9  James E. Cecchi jcecchi@carellabyrne.com
James Robert Hail jim@doylelowther.com

10  Jason C. Murray jmurray@crowell.com
Jay P. Saltzman jay@saltzmanlawny.com

11  Joe R. Whatley jwhatley@wdklaw.com
Joel Dashiell Smith jsmith@flk.com

12  John Allen Lowther john@doylelowther.com
John G. Emerson jemerson@emersonpoynter.com

13  Joseph Preston Strom petestrom@stromlaw.com
Kathleen Taylor Sooy ksooy@crowell.com

14  Lynn E. Parseghian lparseghian@crowell.com
Marc Lawrence Godino mgodino@glancylaw.com

15  Mario Anthony Pacella mpacella@stromlaw.com
Mark S. Reich mreich@csgrr.com

16  Martha Kay Martin mmartin@crowell.com
Michael M. Goldberg info@glancylaw.com

17  Mila F Bartos mbartos@finkelsteinthompson.com
Penelope A. Preovolos PPreovolos@mofo.com

18  Penelope Athene Preovolos ppreovolos@mofo.com
Rosemary M. Rivas rrivas@finkelsteinthompson.com

19  Scott E. Poynter scott@emersonpoynter.com
Stephen A. Weiss sweiss@seegerweiss.com

20  W Lewis Garrison pputman@hgdlawfirm.com
William James Doyle bill@doylelowther.com

21  Aaron L. Agenbroad alagenbroad@jonesday.com
Arthur William Lazear awl@hoffmanandlazear.com

22  Catherine Suzanne Nasser cnasser@jonesday.com
H. Tim Hoffman hth@hoffmanandlazear.com

23  Morgan Matthew Mack mmm@hoffmanandlazear.com

24

25  **Dated:  July 19, 2012**                              **Richard W. Wieking, Clerk**

26                                                          **By:      /s/ JW Chambers**

27                                                                   **William Noble**
                                                                   **Courtroom Deputy**

28

5